Good afternoon, Your Honor. My name is Myra Sun. I represent Thomas Schopp. My client was convicted of one count of violating Title 18 United States Code Section 2251 under Prong Subdivision A, was convicted under Title 18 United States Code Section 2251 under Subdivision A, sexual exploitation of children in the form of making videos of a person under the age of 18 engaged in sexually explicit conduct. He had sustained two Alaska State convictions under two separate case numbers for offenses with elements that essentially involved, in general, him being a person of a certain age, over a certain age, to engaging in sexual touching and those kinds of acts are described in the statutes of persons under the age of 18. And the Court will know that Section 2251 consists of four sections, A, B, C, and D, that talk about conduct that falls under the heading of sexual exploitation of children. Subdivision E sets out sentencing penalties, sentences, penalties. And there are two levels of sentencing penalties. The first is a 25 to 50-year range for a person with a conviction quote, unquote, under the laws of any state relating to, unquote. And then there's a list of offenses. And they include the terms abuse, which is the term that this case involves, sex trafficking, and child pornography. The second level of sentencing, the second tier of sentencing, is a 35-year to life range for two or more convictions under, and the definition is different, the laws of any state, at least as pertains to state law convictions, under the laws of any state relating to the sexual exploitation of children. Now, the government claims that my client's convictions fell under the higher tier for sentencing. First of all, your client, there's a confusion in their record, right? Because your client acceded to the higher enhancement, but didn't, but the language that he agreed to was the one for the shorter. Correct. And the one that the district court quoted was the one for the shorter one. No, the one the district court quoted was from the plea agreement, which set out the higher range. I thought he quoted, also quoted the wrong one. Well, the language defining his convictions tracked the one conviction. Right, that's what I mean. The, and, but the sentencing range, the district court told him. Okay. So, what I'm wondering is whether that circumstance alone, i.e., that he would never actually admitted to the conviction that was necessary for the higher range, and that he wasn't found to have admitted to the, or to have been subjected to the higher range. I mean, why isn't that the end of the story, at least for now? He just never admitted to it. I think he never admitted it to it, except to the extent, I think the government is saying, and I'm not going to make their case for them, that by saying that his range was 35 to 50 years, he was admitting what the government says, which is that all the convictions. He specifically said something else. Right, he did specifically say something else, and if the court wishes to decide this case on that basis, I think that that's right. That's something I didn't say in my briefing, but it could well be correct. And if we do that, that then sends it back to the district judge to decide the question as to what the definition of exploitation is. That's correct, too, because that wasn't really addressed. That's true. So that wasn't really, that was not in front of the district judge. It was never that true. It might have been in front of the district judge, but the district judge didn't understand it that way and didn't address that question. That is true. Okay. Well, if... Go ahead. I don't know the premise, but I've just been mystified by why we're worrying about this when he didn't even admit to this. I think the court might know that I got this case after an Anders brief was filed by previous counsel, and this was the issue that was presented. We talk about the, and I'm going to, Your Honor, at this point, I'm going to reserve, I think, two minutes for rebuttal if I could. I'm about five minutes now. We think that the textual interpretation of 2251 supports our view, which is that state convictions for state law, under state laws relating to the sexual exploitation of children, is a different group of crimes than those under which my client sustained his state convictions. My sense is that that's a very coherent argument, and the only thing that gives me pause about it is that it includes crimes enunciated with regard to the higher range, which are certainly broader than the sexual exploitation of children in this subsection, or in this section, and, in fact, includes some crimes that don't even involve children. That is true, and, well, and my response is this, Your Honor. When we look at the list of things in the second tier, I think it's many that are, many offenses that are basically like 2251. For example, offenses under Chapter 71, obscenity offenses, and Chapter 117, which is prostitution and sex trafficking offenses. This case is not one of those, but I think that if someone ever had that case, that that might be an issue in which you could say that involves sexual exploitation of children, because the definition Those crimes don't necessarily involve children. They don't, but because 2251 is, well, and we have Lockhart, which says that those offenses don't, sex abuse offenses don't have to include children. Right. One response to that is, well, those can't possibly be sexual exploitation of children. Of children, because those people are not minors, correct. The distinction I make, Your Honor, is that the list of two conviction crimes that don't involve visual depictions or the creation of visual depictions are the rape and the military statute for sexual assault, and I think that those are exclusively federal. Those are defined as federal. What we're dealing with here is state laws relating to a definition that I think is a federal crime, sexual exploitation of children. So your basic argument is that this section is headed sexual exploitation of children, and it tells you what sexual exploitation of children is. It is. It's Congress saying what it is to us very clearly. What about the relating language? The relating to, very quickly, what I think is this. The question is whether it calls for any kind of break with the categorical approach, because I think we'd agree that under the categorical approach, my client's the standard. The issue is this. Did Congress make a definition? It is a little circular. Did Congress make a definition of what sexual exploitation of children is, as opposed to saying there's some generic definition that you apply broad meanings to, that you apply an expanded meaning to, because there are many cases the government has cited that say that sexual abuse is a kind of sexual exploitation. And I say, we say, Your Honor, that the context is narrower, both historically and textually, under 2251. So the narrower construction tugs at it, and that the categorical approach applies. You've seen the government's 28-J letter? I have seen the government's 28-J letter. I'd just note, Your Honor, that DeVore is a case in which the prior convictions fell under Washington's, they don't call it that, but they involve the creation of child pornography, and they don't involve what my client did, which are these touching offenses that are of RCW are different. Okay. Thank you. And you've saved a little time. Yes. Good afternoon. I'm Allison O'Leary, and I represent the United States of America. And if you can keep your voice up, that would be great. Certainly. Mr. Schaub's argument boils down to one simple claim, that in 2006, the last time Congress modified 2251E's enhanced penalty provisions based on prior convictions, in a situation where multiple circuits had already held that sexual exploitation of children was a term defined by its contemporary ordinary common meaning as taking advantage of children for sexual purposes. When they are changing this section in that landscape, they nonetheless chose to imply through a variety of silence that actually they meant sexual exploitation of children was only production of child pornography, not by defining sexual exploitation of children in the definition section of Chapter 110, not by, as they have in other statutes saying, or a crime under state law that would have been the federal crime of sexual exploitation of children if it were convicted in federal jurisdiction, not through any other explicit language, but instead by broadening the predicate offenses federally for a single conviction and narrowing the predicate offenses of state convictions for a single conviction. Narrowing the second one and just leaving it where it was. Well, right. But Mr. Schaub's argument has to imply that in 2006, when they did that, knowing other circuits had said sexual exploitation of children is taking advantage of children for sexual purposes, they didn't choose to alter that. They just chose to alter what they meant for a single predicate. Which cases that you're saying preceded the 2006? I wasn't aware of that. That would be from the 8th Circuit, United States v. Sanchez from 2004, and from the 3rd Circuit, United States v. Randolph, also from 2004. I don't, first of all, it seems like an odd endeavor to me to be trying to figure out what the ordinary language of sexual exploitation of children is as a crime. There is no ordinary language. Sexual exploitation of children is a, is being used in a legal sense here, and moreover, the dictionary definitions, the Plaques Law Dictionary definition, which you'd think would be the most relevant one, does in fact treat sexual exploitation of children, as many dictionaries do, as meaning something other than for sexual gratification. It's prostitution, it's pornography, it's things that seem to have some additional element other than, it's exploiting the children sexually rather than using them sexually, and it seems to be a different meaning. So where do you get this common language from? Well, starting from the fact that sexual exploitation of children is not a traditional offense, so. But it's an offense in 25 states or so, meaning this, as I understand it. I believe that is true, that there are many states who define it that way. And there are no states that have an exploitation of children offense that doesn't mirror this one, right? That's right, but that's not the way. It's pretty persuasive, doesn't it, as to what sexual exploitation, and we have the Plaques Law Dictionary, and we have the dictionary meanings, at least alternative ones, and it's just a strange use, if you mean sexual abuse, to say sexual exploitation. Why say that? Well, the Plaques Law Dictionary definition actually goes on to say, or manipulation of children, which is what any sexual, physical sexual abuse of children crime would be. And then you have the statute itself, which is headed sexual exploitation of children. Right. What sexual exploitation of children is, one would think. Well, the Ninth Circuit has held in both the Sullivan and I believe it was Sanerius case, that the definition is not tied to the federal crime. This is dealing with abuse. And the same subsection. There were not, I mean, here you have a subsection called sexual exploitation of children. It tells you a bunch of things that constitute sexual exploitation of children, and then it says anything related to sexual exploitation of children. An ordinary person would think it means what we were just talking about. Well, that's got an odd quirk there, which is that what the federal crime, sexual exploitation of children, is what is the, they, Congress used the terms production of child pornography, and they went and defined those in Chapter 110 in the definitions section for that would apply to these crimes under the reasoning of Sullivan and Sanerius. So when they wanted to say production of child pornography, they knew how to do it and they defined it. They didn't say sexual exploitation. You're talking about this in the first part of E, is that what you mean? The first part of E, yes. It actually says production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography. Right, so they are discussing production of child pornography using those terms, not sexual exploitation of children. And the history here lends itself to that in that we had sexual exploitation of children beginning in the earlier versions of this statute applied to the single predicate and two predicates until the 2006 amendments. And that's that framework where the interpretations Congress would have been aware of when they last addressed this were that sexual exploitation of children is that much broader term. Can I ask a question? Yes. Isn't it true that if they had just said the sexual exploitation of children, it wouldn't have included possession, receipt, mailing, sale, distribution, shipment, or transportation necessarily? I think it would have. Those would still be crimes that involve taking advantage of children for sexual purposes. I'm asking you in terms of this subsection, the way it defines sexual exploitation of children, of that list that's in the first part of the statute, it would cover production but not the rest. I'm not sure I understand your question. Under the government's approach, it really is nothing more than saying that sexual exploitation is the synonym of sexual abuse. There's no difference, is there? Except I heard you say exploitation is broader. Right, exactly. I don't know how it's broader. Give me an example where sexual exploitation doesn't involve sexual abuse. How is it broader? Well sexual exploitation would include the situation where someone produces child pornography by, say, filming consensual sex between two 13-year-olds who don't know about it. And this circuit's case law regarding sexual abuse has required some sort of lack of consent or aggression that would not necessarily be there for all of the items covered by sexual exploitation, but which it has been found to be an essential part of sexual abuse. It doesn't amount to sexual abuse because there's no knowledge by the victims? Right, there's no lack of consent or active aggression in that situation. I thought children couldn't consent. But there's case law from this circuit saying that when you have sexual abuse, you need that element of lack of consent. Of a minor? Of a minor. Perhaps my example of under 13 would be incorrect. I think there's some states that have statutory rapes covering those under 18 rather than younger, and it's in that situation of older teenagers who may not know that they've been exploited in that way. What is your explanation for why these two parts of the subsection use completely different language? Because what Congress did in 2006 to the first subsection for a single prior was to both broaden the list of federal offenses and then specifically enumerate the state ones. And I say broaden because they added that sex trafficking. Yes, it is. They're saying we want to cover sex trafficking, which doesn't involve minors on the state ones, but they want to be more specific about which state sexual offenses they're going after. But for those with two priors, they're still comfortable with that broader term of just sexual exploitation of minors. What is in sexual exploitation of children that isn't aggravated sexual abuse, sexual abuse, abuse of sexual contact, sex trafficking, production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography? Is there something else that's in sexual exploitation of children? Your Honor, I have not done a search of every state's sexual abuse of children-related crimes. I'm not sure. Nothing obvious? Nothing obvious, certainly. I take your point, or I understand your argument, that sexual exploitation includes not merely, say, child pornography that exploits the child for monetary purposes beyond sexual gratification. That's okay. Don't worry about the time. But it also includes abuse. But it seems to me that a more natural reading of it is sexual exploitation covers what we know it covers, which you concede it covers, that is to say, pornography and so on, but that abuse is a separate term. And that does seem to be in sort of common talk. When somebody says sexual abuse, that certainly suggests to me that there has been some physical contact or relationship between the sexual exploitation, means something else, not just in addition. I think it just means something else. That's where, Your Honor, I have to respectfully disagree. The generic definition, both in Black's Law Dictionary and the assortment of other dictionaries the United States provided in its briefing, define that term more broadly. But one other question. The first question that I was going to ask is, the defendant admitted to the language of the higher range mandatory minimum, and the court didn't find it. So why isn't that the end of the story here? Because the defendant did admit to the language that follows his state of Alaska convictions. He had four convictions for sexual assault in the first degree under a subsection that required sexual penetration of someone under the age of 13 when he was over 16. He didn't admit that that was within the category that would give him the 35 years to life. He didn't admit that. Right. I mean, that is why the judge didn't find it. Well, but that would just be the legal question of, are those state of Alaska convictions? They were both agreeing to something else, which, you know, may prove up the fact that, in ordinary language, the things he did don't really fit with sexual exploitation, and neither of them ascribed it to be sexual exploitation. So I guess I see your point is, why didn't the district court handle this, or why shouldn't the district court just handle it now, right? And what I would point out is that because the United States is asserting that sexual exploitation of children includes those physical sexual abuse of children items that Mr. Schopp admitted to in his plea agreement, because that is the case, you know, for the reasons we've discussed, he did admit to conduct that qualifies for the two prior enhancement for the 35 year to life that he was sentenced under. And just one note about that a week and a half ago, it did not address the issue of whether sexual exploitation... It's an unpublished decision, and we don't regard it as precedent, and we really, really don't. I mean, if we start doing that, we really can't run our court. And I don't want to suggest that it's precedential. You don't want us to look at it and believe it. Well, I want you to note what was done there, and that was simply acknowledging, as is the usual practice in the Ninth Circuit, that for a non-traditional crime, the generic definition under the categorical approach is come upon by looking at the contemporary common ordinary meanings of the terms in it. And that is what was done in the DeVore case. Okay, thank you. Thank you. You've saved some time. I have. The cases that the government cites, Smith and Randolph, and there are a few others that they cite, those were all before Millouly and where we, and when, and Reinhart, and they in this court, about defining relating to. That this is not what the government was just talking about, but I just wanted to amplify on my answer about relating to. And then the other point that I had was to remind the court that we can't have a definition of sexual abuse and a definition of sexual exploitation that merges them completely when those terms bleed into each other. When Congress used two different terms that have two different dictionary definitions, we cannot interpret them as meaning the same thing. And I think that is what the government is saying they mean. They mean that abuse is always sexual exploitation, or at least abuse under these statutes, Alaska statutes, is sexual exploitation of children. And Alaska is one of the states with a crime called unlawful sexual exploitation of children that involves the creation of depictions. Thank you. Thank you very much. Thank both sides for your helpful arguments. The case of United States v. Shoppe is submitted for decision. We'll take a two-minute break, and United States v. Peterson, you can set up while we take a break. Thank you.
judges: Tashima, W. Fletcher, Berzon